U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 80-475 CR-EPS

U.S. OF AMERICA,

V.                                              "PRO-BONO PUBLICO"

SYLIANE MANNS,

    DEFENDANT.
_____/

## MOTION TO RECONSIDER THE COURT'S DECISION OF MAY 13, 2009, AND REQUEST FOR ORIGINAL FILE

COMES NOW, Defendant, **SYLYANE MANNS**, hereafter referred to as Defendant, by and through undersigned counsel and pursuant to local Rule 27 files her Motion for Reconsideration of the May 13, 2009 order denying amendment to the docket entry of May 21, 1981, showing that she was convicted after a "non jury trial" and shows as follows:

1. Defendant filed her motion to correct a docket entry mistakenly entered showing her to have been convicted after a "non jury trial" on May 21, 1981, which will result in an impending deportation to her native Haiti after having resided in the U.S. for over thirty (30) years as a Lawful Permanent Resident.

2. On May 13, 2009, this court denied Defendant's motion without allowing Defendant an opportunity to present evidence or produce witnesses, particularly her criminal defense counsel, Eva Wagner Kemper, now retired but able to testify regarding the error appearing on the docket entry.

3. Ms. Wagner Kemper was apparently contacted by the Judge's clerk and she claims to have provided identical testimony (copies of her correspondence are attached hereto and marked as Exhibit A and B) that the docket entry was wrong.

4.   In the alternative, and in an effort to clarify the hand-written entry note, Defendant respectfully requests that the court requests her file from the Records Center in Atlanta, Georgia, which will clearly show the incorrect entry.

5.   Defendant's deportation from the U.S. based on an incorrect docket entry to the criminal file would result in irreparable harm to her, her U.S. born children and grandchildren.

WHEREFORE, Syliane Manns prays that this court reconsiders its earlier decision of May 13, 2009 and allows Defendant the opportunity to produce evidence and witnesses supporting her claim that an error appears on the docket entry sheet and to correct it.

DATED in Miami, Miami-Dade County, State of Florida, this 18th., day of May, 2009.

Respectfully submitted,

Rogelio A. Del Pino, Esq.
Del Pino & Associates, P.A.
3850 Bird Road – Suite 302
Miami, Florida  33146
Telephone: (305) 541-1801
Facsímile:  (305) 541-1886

TELEPHONE (305) 821-4808

# EVA WAGNER KEMPER

ATTORNEY AT LAW
1160 WEST 64TH STREET
HIALEAH, FLORIDA 33012

### AFFIDAVIT OF EVA WAGNER KEMPER

STATE OF FLORIDA    )
                    ) SS
COUNTY OF MIAMI-DADE)

   BEFORE ME, the undersigned authority, personally appeared EVA WAGNER KEMPER, who, having first been duly sworn, says:

   1. That I was the specially appointed attorney assigned to represent SYLIANE MANNS during her federal Case No. 80-475-CR-EPS.

   2. That attached hereto and made a part hereof, by reference, as if fully set out herein, is a copy of my 9/3/05 two-page letter to attorney Rogelio A. Del Pino, which I hereby reacknowledge and affirm as to its contents and veracity under this Affidavit, and which had previously been submitted in the initial Immigration Court proceedings as well as being a part of the Bureau Of Immigration Appeals ("BIA") record.

   3. That I have been provided with a copy of the recent ruling by the BIA and with a new and somewhat more expanded Docket Entry than was originally available at the time of my letter.

   4. That while the recent BIA decision has found that an "unconventional" non-jury trial was held, I would respectfully argue to the contrary and that it was neither unconventional nor unusual but rather, tantamount to a guilty plea. Allow me to explain. In Paragraph 6 of my attached 9/3/05 letter, I state that:

> "In drug cases in general, a Motion to Suppress Evidence and/or Statements Hearing is dispositive of the case as a whole. If one is successful, the Government cannot proceed; <u>if unsuccessful, the Defendant is generally pled</u>." (Emphasis mine).

   The first opportunity to conclude this case did not occur until the Pre-Trial Conference on May 21, 1981, since Judge Spellman did not deny the Motion to Suppress until 5/7/81 as reflected in the Docket Entry as Item 26.

   5(a) The first real opportunity to conclude this matter thereafter occurred at the Pre-Trial Conference on 5/21/81 where such matters are typically addressed, the whole purpose of such a Conference being to either conclude the case in some fashion at that point or to have it set for Calendar Call for a trial down the road. No witnesses are required nor were any present and, if one is to waive jury and/or plead in, it generally occurs at that Conference.

   (b) Accordingly, predicated on the denial of the two prior Suppression Hearings and seeking to conclude the case at that juncture, the matter was

SYLIANE MANNS
EXHIBIT - A

submitted to Magistrate Palermo for disposition at that proceeding, the same being tantamount to a guilty plea. Remember, there were no witnesses present for "a trial" to be a possibility and we were submitting the matter on the denial of the Suppression Hearings with the understanding of the Court and all parties involved, in advance, that the same would end as it was intended to--- in a finding and adjudication of guilt.

6. As an aside, let me add that on the Original Docket Entry roster provided in 2005, the only reference to the Pre-trial Conference setting or what occurred there at all was dated 5/13/81, in Document No. 25 and that section was referred to in my 9/3/05 letter and there were no unreasonable blank spaces between listed dates, documents or occurences in the same.

In the now more expanded Docket Entry Roster provided me, I notice that immediately below Document No. 25 there is the insert of an alleged trial recital but which, unlike every other item in the entire Roster bears NO document number.

FURTHER AFFIANT SAYETH NAUGHT.

EVA WAGNER KEMPER, Affiant

F8LHK516 21935 7190

SWORN TO AND SUBSCRIBED before me by EVA WAGNER KEMPER, who provided identification this ____6____ day of June, 2008.

Notary Public, State of Florida



CARMEN ROMERO
MY COMMISSION # DD 378685
EXPIRES: December 13, 2008

-2-

TELEPHONE (305) 821-4808

# EVA WAGNER KEMPER

ATTORNEY AT LAW

1160 WEST 64TH STREET

HIALEAH, FLORIDA 33012

3 September 2005

Rogelio A. Del Pino, Esq.
5040 N.W. 7th Street, Suite 750
Miami, FL 33126

Re: Syliane Manns - Petition for 212C Waiver
    with the Immigration Court

Dear Mr. Del Pino:

    This letter is being submitted in behalf of Syliane Manns for you to use in any manner you see fit, including before the Immigration Court.

    I am an attorney practicing law in the State of Florida since 1965, mainly criminal defense, in the State and Federal system although mostly retired now.

    I was specially appointed on or about October, 1980 to represent Syliane Manns in the U.S. District Court Southern District of Florida on charges of importation and possession of a controlled substance under Case No. 80-00475 CR EPS, and did so through the conclusion of her case on or about July 8, 1981.

    I have repeatedly searched for my personal file on her case in connection with said representation but have not been able to find the same and must assume it has either been lost or destroyed. However, I have a distinct recollection of the events and facts in said case and the docket sheet provided by you, though itself often confusing and incomplete, provided the rest. In addition, Ms. Manns has continued to stay in touch with me from time to time over the years.

    The facts of the case were simple. She was stopped at Customs upon the alleged suspicion of one male Customs officer who ordered the search of her person which revealed the contraband and turned over to a DEA agent who was called in to book and process her and receive the contraband.

    In drug cases in general, a Motion to Suppress Evidence and/or Statements Hearing is dispositive of the case as a whole. If one is successful, the Government cannot proceed; if unsuccessful, the Defendant is generally pled. In the general atmosphere of the times then, Ms. Manns' status as a non-citizen, resident alien, presented an additional unique problem which was that if she were directly pled, it was almost an automatic deportation possibility since she could not argue or disavow her plea. Not that a plea of not guilty and a subsequent finding of guilt could not have resulted in the same then, but it might not in those times have necessarily been that automatic.

    Early on, I requested that the Motion to Suppress be heard first and directly by Judge Eugene Spellman himself rather than the Magistrate, as is usually the case. The Docket Entry dated 2/2/81 showing our request for a transcript of that proceeding of 12/12/80 confirms that the same was had. The only relevant and necessary witness was the male Customs officer who had to establish and articulate a sufficient reasonable suspicion basis in comportment with federal case law in order to have had the search of her person performed. At the conclusion of his testimony and the Hearing, and I am paraphrasing, Judge Spellman

SYLIANE MANNS
EXHIBIT-B

said he was not overly impressed with the Customs officer's testimony and that he might look favorably upon our Motion, but would give the Government time to see if they had anything else to supplement or bolster their end. I knew and the Goverment knew there was noone else under the facts and the case law who could.

Over time, I tried to get Judge Spellman to rule -- that was all had to do, just rule, but he never ded. I believe I even tried a Speedy Trial demand for a dismissal with prejudice, anything to catch his attention and compel a granted or denied ruling on his part, in frustration. In any event, out of the blue came a referral to the Magistrate for what amounted to a de novo Motion to Suppress Hearing. The Docket Entry Sheet is replete with my requests for and the granting of transcripts in connection with the Hearings before both judges.

Magistrate Palermo, at my request, allowed the transcript of the sole male Customs officer who testified before Judge Spellman to stand as his testimony and ultimately his ruling on the Motion to Suppress was to deny it as, <u>slightly more than barely enough suspicion to make cause</u> (underlined portions remembered verbatim).

Nowhere in the Docket Sheet is there any Notice for a non-jury or even any other type of trial for 5/21/81, and you need an advance setting and time for witnesses to be subpoenaed to come to Court for "a trial". Under the Docket Entry date of 5/13/81, Document No. 25, there is only notice for a Pre-Trial Conference date, not a trial date, and I believe I know what occurred.

In order to protect her from the direct consequences of a guilty plea, I requested the Magisrate that he take the now available transcripts, including those from his proceedings, in lieu of a formal trial proceeding, but as if they were the testimony that would be given at a trial, knowing in advance by all parties that he would find her guilty without any actual or live testimony being offered by anyone at that time and he did. It made no sense to beat a dead horse or prolong or aggravate the situation by going through an actual trial.

You know the sentence she received from Judge Spellman was considered minor even then as to those similarly situated and even today, and she was given the option of a personal surrender which she honored. Not only that, I contacted the DEA Agent who, at the time of her arrest, had confiscated her green card, and asked him for its return. It was duly mailed to me and I mailed it to Syliane at the correctional institution in Texas.

For 25 years since this episode, Ms. Manns has lived an honorable and productive life. She is in her 60's, a homeowner, has children and grandchildren, is gainfully employed, pays taxes and has never been in trouble with the law. Am I now to understand that my legal decision to handle her case in a manner I thought most beneficial to her at that time will now cause my government on the technical concept of a so-called trial which actually never was quite like that to deport her? It is an utter irony and I am torn apart and moved by her dilemma.

If I <u>can be of any further help to</u> her and you in any way, kindly let me know. I am prepared to do whatever can be of assistance.

Yours sincerely,

EVA WAGNER KEMPER